# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

JOSE MOISES SANTOS HERNANDEZ
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

AUGUSTUS, LLC
d/b/a PARAGON THAI
5 Duvall Lane
Gaithersburg, MD 20877

ARAYA SREEARAYANPONG
5 Duvall Lane
Gaithersburg, MD 20877

      Defendants.

Civil Action No. _____

## **COMPLAINT**

### **Introduction**

1. Defendants employed Plaintiff as a kitchen hand in their Washington, DC restaurant. Defendants paid Plaintiff a flat salary that resulted in a sub-minimum wage and a denial of overtime compensation.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants actively do business in this District, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

**Parties**

5.  Plaintiff is an adult resident of the District of Columbia.

6.  Defendant Augustus, LLC is a Maryland corporation. It does business as "Paragon Thai" and operates a restaurant located at 3507 Connecticut Avenue NW, Washington, DC 20008. Augustus, LLC's District of Columbia resident agent is Incorp Services, Inc., 1090 Vermont Avenue NW, Suite 910, Washington, DC 20005.

7.  Defendant Araya Sreearayanpong is an adult resident of Maryland. She owns and operates "Paragon Thai". She resides at 5 Duvall Lane, Gaithersburg, MD 20877.

**Factual Allegations**

8.  Defendants own and operate "Paragon Thai," located at 1608 Wisconsin Avenue NW, Washington, DC 20007.

9.  Defendants purchased Paragon Thai on approximately January 1, 2013.

10. Defendants started to operate Paragon Thai on approximately January 1, 2013.

11. Plaintiff was employed by Paragon Thai's prior owners from approximately 2007 through December 31, 2012.

12. Upon acquiring the business, Defendant Araya Sreearayanpong personally interviewed Plaintiff.

13. Defendants decided to continue employing Plaintiff in January 2013.

14. Defendants employed Plaintiff from at least February 1, 2013 through approximately March 15, 2015, but for a brief leave of absence taken by the Plaintiff in approximately June and July 2013.

15. Defendants employed Plaintiff as a kitchen hand. Plaintiff's duties included cleaning, cutting vegetables, and cooking.

16. At all relevant times, Plaintiff's typical schedule was as follows:

| Monday | 10:30 a.m. – 10:15 p.m. | Break: 1 hour | 10.75 Hours Worked |
|---|---|---|---|
| Tuesday | Off | Off | Off |
| Wednesday | 10:30 a.m. – 10:15 p.m. | Break: 1 hour | 10.75 Hours Worked |
| Thursday | 11:00 a.m. – 10:15 p.m. | Break: 1 hour | 10.75 Hours Worked |
| Friday | 4:00 a.m. – 10:30 p.m. | Break: 1 hour | 5.5 Hours Worked |
| Saturday | 11:00 a.m. – 10:30 p.m. | No Break | 11.5 Hours Worked |
| Sunday | 11:00 a.m. – 11:00 p.m. | No Break | 11.0 Hours Worked |
| | | | **Total: 60.25 Hours** |

17. From February 1, 2013 through approximately March 15, 2015, Plaintiff typically worked at least 60.25 hours per workweek.

18. From approximately February 1, 2013 through approximately December 31, 2015, Plaintiff worked approximately 1,741.5 hours of overtime for Defendants.

19. From approximately February 1, 2013 through approximately December 31, 2015, Defendants paid Plaintiff a semimonthly salary of $1,100.00, which translated to an hourly rate of approximately $8.43 across all hours worked.

20. Defendants typically paid Plaintiff's semimonthly salary with a $400.00 check and $700.00 in cash.

21. Defendants have always paid Plaintiff twice a month, typically on the 5th and 20th of each month.

22. At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiff one and one-half times Plaintiff's hourly rate for all hours worked over 40 in any one workweek.

23. The District of Columbia minimum wage was $8.25 per hour from July 24, 2009 until June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

24. Defendants owe Plaintiff approximately **$11,742.57** in unpaid minimum and overtime wages for Plaintiff's work after February 1, 2013.

25. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

26. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

27. At all relevant times, Defendants had the power to fire Plaintiff.

28. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

29. At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

30. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for Plaintiff's work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

31. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

32. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

33. Defendants failed to provide Plaintiff with notice of the employer's name, address, telephone number, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

34. Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

35. Defendants did not provide Plaintiff with actual or constructive notice of Plaintiff's employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

36. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the minimum wage required by District of Columbia and federal law.

37. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

38. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

**FACTUAL ALLEGATIONS SPECIFIC TO ARAYA SREEARAYANPONG**

39. Defendant Araya Sreearayanpong publically identifies herself as the owner of Paragon Thai.

40. Defendant Araya Sreearayanpong personally interviewed the Plaintiff in January 2013.

41. Defendant Araya Sreearayanpong personally assigned Plaintiff his schedule.

42. Defendant Araya Sreearayanpong personally tendered Plaintiff his semimonthly salary.

43. On various occasions, Plaintiff asked Defendant Araya Sreearayanpong for a salary increase. Defendant Araya Sreearayanpong told Plaintiff that business was slow and that she could not afford to pay him more.

44. Defendant Araya Sreearayanpong controlled the day-to-day operations of Paragon Thai.

45. Defendant Araya Sreearayanpong personally fired Plaintiff on approximately March 15, 2015.

46. When Defendant Araya Sreearayanpong fired Plaintiff, he asked Defendant Araya Sreearayanpong if he could work one more week, so as to seek new employment while still employed. Defendant Araya Sreearayanpong rejected Plaintiff's request and told him to leave Paragon Thai.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

47. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48. Defendants were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

50. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular rate for hours worked in excess of 40 hours in any one workweek.

51. Defendants' violations of the FLSA were willful.

52. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages earned since February 1, 2013, an equal amount as liquidated damages, court costs,

reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

53. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54. Defendants were employers within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

55. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

56. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

57. Defendants violated the DCWPCL when they knowingly failed to pay Plaintiff all wages earned, including minimum and overtime wages.

58. Defendants' violations of the DCWPCL were willful.

59. Defendants' violations of the DCWPCL were "continuous" within the meaning of the DCWPCL, D.C. Code § 32-1308(c).

60. For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages earned since February 1, 2013, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against all Defendants, jointly and severally, on all counts, and grant the following relief:

    a.       Award Plaintiff **$46,970.28**, consisting of the following overlapping elements:

         i.       unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

         ii.      unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.       Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.       Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    d.       Award Plaintiff court costs; and

    e.       Award any additional relief the Court deems just.

Date: February 14, 2016

Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*